# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0763V

| | |
|---|---|
| MELISSA MCCALL,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 17, 2025 |

*Joseph Alexander Vuckovich, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Felicia Langel, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON DAMAGES[1]

On July 13, 2022, Melissa McCall filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that she suffered from Guillain-Barré syndrome ("GBS"), a Table injury, as a result of an influenza ("flu") vaccine administered on November 14, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 17, 2025, Respondent filed a combined Rule 4(c) Report and Proffer, in which he **concedes** that Petitioner is entitled to compensation in this case. Rule 4(c) Report and Proffer at 1, 3. That same day, I issued a Ruling on Entitlement.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Respondent represents that Petitioner agrees to his proffer on an award of compensation. Respondent's Rule 4(c) Report and Proffer at 4. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the combined Rule 4(c) Report and Proffer,[3] I award the following compensation:

**A.** A lump sum of **$120,000.00** (for pain and suffering) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.

**B.** A lump sum payment of **$57,170.14,** representing compensation for satisfaction of the State of Maryland Medicaid lien, in the form of a check payable to Petitioner and:

> Johns Hopkins Health System/ Priority Partners
> Re: Policy No. 00078633701
> C/o Eugene A. Seidel, P.A.
> 107 Sudbrook Lane
> Baltimore, MD 21208

Petitioner agrees to endorse the check to Johns Hopkins Health System/ Priority Partners for satisfaction of the Medicaid lien.

Respondent's Rule 4(c) Report and Proffer at 5. These amounts represent compensation for all damages that would be available under Section 15(a). *Id.*

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Because the combined Rule 4(c) Report and Proffer contains information regarding Petitioner's personal medical history, which is not generally included in a Proffer when separately filed, it is not attached hereto.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.