# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0763V

|  |  |
|---|---|
| MELISSA MCCALL,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: July 28, 2025 |

*Joseph Alexander Vuckovich, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Felicia Langel, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 13, 2022, Melissa McCall filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged she suffered from Guillain-Barré syndrome a Table injury, as a result of an influenza vaccine administered on November 14, 2019. Petition, ECF No. 1. On January 17, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 43.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $95,194.30 (representing $93,660.50 in fees plus $1,533.80 in costs). Application for Fees and Costs ("Motion") filed February 10, 2025, ECF No. 46. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 46-3.

Respondent reacted to the motion on February 11, 2025, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-4, ECF No. 47. Petitioner filed a reply thereafter requesting an award of fees and costs as indicated in the Motion. ECF No. 48.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested by all attorneys and paralegals that performed work in this matter are reasonable and consistent with prior determinations.

However, a review of the billing records shows several fees claimed by paralegals on tasks considered administrative in nature, including updating case contacts, reviewing routine court orders (when an attorney has already billed time to review the same orders) and noting deadlines.[3] However, it is firmly rooted that billing for clerical and other secretarial work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-0010V, 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). And Special Masters have previously reduced attorney fees awarded due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016). Accordingly, fees incurred for duplicative efforts on tasks of an administrative nature will not be reimbursed. **Application of the foregoing reduces the amount of fees to be awarded by $1,000.00.**

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 46-2. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

---

[3] Billing entries considered administrative in nature are dated as follows: 7/15/22 (two entries); 9/30/22; 10/5/22; 10/31/2 (two entries); 12/14/22; 12/28/22; 1/17/23; 1/18/23; 2/13/23; 2/21/23; 3/10/23; 3/27/23; 3/28/23; 4/19/23; 4/24/23; 5/31/23 (two entries); 6/20/23; 6/28/23; 7/5/23; 7/17/23; 8/4/23; 8/7/23; 8/9/23; 9/7/23 (two entries); 9/25/23; 10/12/23; 11/15/23; 1/2/24; 2/2/24; 2/22/24; 3/4/24; 4/19/24; 5/20/24; 7/3/24; 8/8/24; 9/16/24; 10/9/24; 10/16/24; 11/14/24; 11/15/24; 11/18/24; 11/26/24; 12/23/24; 1/17/25 (three entries) these billing entries reflect a cumulative total of $1,000.00 in fees claimed on tasks considered administrative. See ECF No. 46-1.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$94,194.30 (representing $92,660.50 in fees plus $1,533.80 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.